THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| IWANDA DICKEY, | : | |
|---|---|---|
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:10-cv-356 (CAR) |
| v. | : | |
| | : | |
| CRAWFORD COUNTY SCHOOL DISTRICT, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Iwanda Dickey filed this employment discrimination action alleging that Defendant Crawford County School District unlawfully failed to renew her contract as Superintendent due to her race, African American. Currently at bar is Defendant School District's Motion to dismiss some, but not all, of Ms. Dickey's claims. Specifically, the School District moves to dismiss any claim for age discrimination or violation of the ADEA, any claim under federal or state law for punitive damages, and any claim under Title VII regarding the terms and conditions of Ms. Dickey's employment. In her response to the Motion, Ms. Dickey has clarified that she does not assert any claims for age discrimination and voluntarily withdraws her claim for punitive damages. Ms. Dickey, however, disputes that her claim under Title VII regarding the terms and

1

conditions of her employment should be dismissed. Upon review of the allegations in the Complaint, the Motion and response thereto, and the applicable law, the Court finds that Ms. Dickey's Title VII terms and conditions claim may proceed at this time. Accordingly, and for the reasons set forth below, Defendant's Motion to Dismiss [Doc. 4] is hereby **GRANTED in part** and **DENIED in part**.

## PLAINTIFF'S FACTUAL ALLEGATIONS

In considering a motion to dismiss, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).

Plaintiff Iwanda Dickey began her employment with the Crawford County School District in August of 1977. (Compl. ¶ 5). In July 2004, Ms. Dickey became the first African American Superintendent of the Crawford County school system. (Compl. ¶ ¶ 3, 10). The School District offered and Ms. Dickey accepted a two-year contract for the Superintendent's position; however, the School District had awarded her white predecessors at least three-year contracts. (Compl. ¶¶ 3, 10, 11). Ms. Dickey's contract was set to expire in June, 2006. (Compl. ¶ 15). Having received no other job offer within the school district, Ms. Dickey felt her only option was to retire. (Compl. ¶ 16). In November 2005, however, Ms. Dickey learned that to retire, she would need approximately 82 extra days of service beyond the time her contract was scheduled to

2

expire. (Compl. ¶ 17). Thus, the Board voted to extend her contract through December 2006. (Compl. ¶ 19). Ms. Dickey had informed the School District that she did not want to retire. (Compl. ¶ 18). Despite her wishes, the School District did not renew, extend, and/or offer Ms. Dickey an additional contract in order to continue her employment past December 31, 2006. (Compl. ¶ 21). Thus, she was terminated from her position as Superintendent on or about December 31, 2006. Id.

Ms. Dickey subsequently filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 3, 2007. (Compl. ¶ 25). In her charge to the EEOC, she marked the "race" box as the basis for her discrimination claim. In explaining her claim, Ms. Dickey stated,

> On or around December 31, 2006, my contract of employment for the Crawford County School System expired. Prior to that time, I had expressed my desire to the board that I did not want to retire. Regardless, on November 14, 2006, the Board of Education voted not to renew my contract past December 31, 2006.
>
> I believe that I have been discriminated against in my employment on the basis of my race as an African-American with respect to disparate treatment in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Charge of Discrimination, Compl., Ex. A). Based on this initial charge, the EEOC conducted its investigation and interviewed witnesses.

On or about September 24, 2009, after a full two-year investigation, the EEOC issued its determination finding that "there is reasonable cause to conclude that the [Plaintiff] was discharged due to her race in violation of Title VII. . . ." (Determination, Compl. Ex. B). The parties failed to reach a joint resolution of the matter, and thus Ms. Dickey timely filed her Complaint in this Court alleging both state and federal intentional discrimination claims. Specifically, Ms. Dickey asserts that the School District unlawfully terminated her on the basis of her race in violation of both the Equal Protection Clause of the Fourteenth Amendment, actionable through 42 U.S.C. § 1983, and Title VII. Moreover, she asserts that because she was not given the same contractual terms as her white predecessors, the School District unlawfully denied her equal terms and conditions of employment on account of her race in violation of Title VII.[1]

The School District timely filed the current Motion to Dismiss, contending that Ms. Dickey's claim under Title VII regarding the terms and conditions of her employment must be dismissed. The School District contends that Ms. Dickey raised only an unlawful termination claim in her charge to the EEOC, and because she did not exhaust her administrative remedies on the terms and conditions claim, that claim must be dismissed. The Court, however, finds the School District's arguments unpersuasive.

---

[1] As stated at the beginning of this Order, Plaintiff has clarified she does not assert any age discrimination claims, and she voluntarily withdraws her punitive damages claim.

## DISCUSSION

Title VII requires a plaintiff to exhaust all available administrative remedies by filing a timely charge of unlawful discrimination with the EEOC before filing a lawsuit. 42 U.S.C. § 2000e-5(e); <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1317 (11th Cir. 2001). "The rationale for this limitation is that Congress wanted the EEOC to have an opportunity to investigate and attempt conciliation of all claims before litigation was brought." <u>Cabiness v. YKK (USA), Inc.</u>, 859 F. Supp. 582, 586-87 (M.D. Ga. 1994) (citing <u>Sanchez v. Stand. Brands, Inc.</u>, 431 F.2d 455, 466 (5th Cir. 1970)).

The law, however, does not require a plaintiff to strictly comply with Title VII "where the plaintiff has filed a charge with the EEOC, but in her judicial action the plaintiff raises related issues as to which no filing has been made." <u>Wu v. Thomas</u>, 863 F.2d 1543, 1547 (11th Cir. 1989). The Eleventh Circuit has stated:

> As long as allegations in the judicial complaint and proof are "reasonably related" to charges in the administrative filing and "no material differences" between them exist, the court will entertain them. As we have noted . . ., "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."
>
> Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints" are appropriate. Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate.

Id. (quoting Ray v. Freeman, 626 F.2d 439, 443 (5th Cir. 1980) (citation omitted) (quoting Sanchez, 431 F.2d at 466)). Because the court is "extremely reluctant to allow procedural technicalities to bar claims brought under Title VII[,] . . . the scope of an EEOC complaint should not be strictly construed." Id. (quotation and alteration omitted). This is especially true because charging parties often prepare EEOC charges by workers who lack education or sophistication without the assistance of counsel. Gregory, 355 F.3d at 1280; Sanchez, 431 F.2d at 463.

In liberally construing the EEOC charge in this case, as this Court must, the Court finds the discrimination claims regarding the terms and conditions of Ms. Dickey's employment raised in the complaint are "reasonably related" to the charges in the EEOC filing. Based on Ms. Dickey's statements in the EEOC charge that the School District failed to renew her contract and discriminated against her based on her race, the EEOC could reasonably be expected to investigate the terms and conditions surrounding her employment contract. Certainly, Ms. Dickey's allegations in her complaint regarding the terms and conditions of her employment serve more to "amplify, clarify, or more clearly focus the allegations in the EEOC charge," than to create an entirely new allegation of discrimination. Thus, the Court finds Plaintiff has exhausted her administrative remedies on the terms and conditions claim and that claim may proceed.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [Doc. 4] is **GRANTED in part** and **DENIED in part**. Plaintiff's claims for punitive damages and age discrimination are hereby DISMISSED. Plaintiff's remaining claims, including the Title VII claim regarding the terms and conditions of her employment, however, may proceed.

Discovery in this case is hereby re-opened, and, in accordance with this Court's Order entered on December 14, 2010, the parties are hereby DIRECTED to submit their Proposed Scheduling Order no later than seven (7) days from the date of this Order.

**SO ORDERED** this 7th day of February, 2011.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
United States District Judge

SSH